**Viengvilay VIPHAKONE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70716.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 17, 2004.

Fed. R.App. P. 34(a)(2).

Jaime Jasso, Westlake Village, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Victor M. Lawrence, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Viengvilay Viphakone petitions for review of the BIA's denial of his motion to reopen. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here.

This court previously dismissed a separate petition by Viphakone (No. 03–70717) which sought review of the denial of his applications for asylum and for withholding of removal. We will not consider here issues pertaining to that denial, including the adverse credibility determination.

This court reviews the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We deny the petition.

The motion presented to the BIA was not accompanied by appropriate evidence substantiating the purported marriage, as required by 8 C.F.R. § 3.2(c)(1). The BIA's denial of the motion was thus not an abuse of discretion.

The claim that Viphakone suffered from ineffective counsel is one properly dealt with by way of a motion to reopen presented to the BIA. *Iturribarria v. INS,* 321 F.3d 889, 896–97 (9th Cir.2003). Any such motion should include the evidence necessary to support it. The claim as made to us was insufficient, in any event, because of a similar failure to substantiate it. Evidence of the purported marriage would also be needed to support the claim that counsel was ineffective for failing to submit evidence of such a marriage—unless it is demonstrated that a bona fide marriage existed, prior counsel could not be deemed ineffective for failing to prove it to the BIA.

Whether the BIA is required to consider another motion to reopen or whether petitioner may claim equitable tolling of deadlines and numerical limits on motions to reopen, *see, e.g., id.* at 897, are questions not before us at this time.

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.